# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO GASTELUM, <br> Plaintiff, <br> v. <br> PARVARTI HOSPITALITY INC, et al., <br> Defendant. | Case No. 21-cv-06235-BLF <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> [Re: ECF No. 36] |

Before the Court is Defendant Parvarti Hospitality Inc.'s Motion to Dismiss Plaintiff Fernando Gastelum's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(1). Defendant owns a hotel in Gilroy, California (the "Hotel") that Plaintiff allegedly visited around June 29, 2021 to find that the Hotel was not compliant with the ADA. Plaintiff, who uses a wheelchair for mobility, has sued Defendant for failure to reasonably accommodate his disability under (1) the ADA, 42 U.S.C. § 12101, *et seq.*; and (2) California's Unruh Act, Cal. Civ. Code §§ 51–53. Plaintiff seeks an injunction compelling Defendant to comply with the ADA and Unruh Act, equitable nominal damages under the ADA, statutory damages under the Unruh Act, and attorneys' fees and costs in the event Plaintiff is required to hire counsel. On March 2, 2022, Defendant moved to dismiss, arguing that this Court lacks subject matter jurisdiction under Rule 12(b)(1) over Plaintiff's claims due to lack of standing. *See* ECF No. 36-1 ("Mot."). Plaintiff opposes. *See* ECF No. 37 ("Opp."). The Court found the matter suitable for disposition without oral argument and vacated the July 14, 2022 hearing. *See* ECF No. 39; Civ. L.R. 7-1(b). For the reasons stated below, the Court DENIES Defendant's Motion to Dismiss.

**I. BACKGROUND**

As alleged in the Second Amended Complaint, Defendant owns a hotel located at or about

8292 Murray Avenue, Gilroy, California. *See* Second Amended Complaint ("SAC"), ECF No. 29 ¶ 3. Plaintiff is missing a leg and uses a wheelchair for mobility. *See id.* ¶ 1. Plaintiff alleges that he visited the Hotel on June 29, 2021[1] with the intention to avail himself of its goods or services. *See id.* ¶ 8. Plaintiff alleges that on the date he visited the Hotel, Defendant failed to provide wheelchair accessible facilities. *See id.* ¶¶ 9, 11. Specifically, Plaintiff alleges he encountered the following barriers and provides corresponding photographs: (1) the passenger loading zone is not marked with the access isle; (2) the office door requires greater than five pounds of force to open; (3) there are no bottom handrail extensions for stairs; (4) there are open risers on stairs; (5) the curb ramp encroaches on access aisles in accessible parking; and (6) the access aisle at accessible parking does not adjoin an accessible route. *See id.* ¶ 9. Plaintiff further alleges that such barriers are easily removed without much difficulty or expense, and numerous alternative accommodations are available. *See id.* ¶ 14. Plaintiff alleges that he will return to the Hotel to avail himself of its goods or services once it is represented to him that the Hotel and its facilities are accessible. *See id.* ¶ 16. Plaintiff brings claims against Defendant for violations of the ADA and California's Unruh Act. *See id.* ¶¶ 18–26.

On March 2, 2022, Defendant filed a motion to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Mot. On March 4, 2022, Plaintiff filed an opposition to Defendant's motion to dismiss. *See* Opp.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1): Lack of Subject Matter Jurisdiction

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376-77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject matter

---

[1] In his Opposition, Plaintiff says he actually visited the Hotel on June 30, 2021. *See* Opp. at 3 n.1.

1    jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter
2    jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject
3    matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.
4    The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian*
5    *Life Ins.*, 511 U.S. 375, 377 (1994).

6    A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373
7    F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the
8    allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction,
9    accepting all material allegations in the complaint as true and construing them in favor of the party
10   asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is
11   factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe*
12   *Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject
13   matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without
14   converting a motion to dismiss into one for summary judgment. *Id.* Once the moving party has
15   made a factual challenge by offering affidavits or other evidence to dispute the allegations in the
16   complaint, the party opposing the motion must "present affidavits or any other evidence necessary
17   to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."
18   *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union*
19   *High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

20   **B.    ADA Claim**

21   "The ADA includes three main sections – Title I, which concerns employment
22   discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* §
23   12131 *et seq.*; and Title III, which governs access to privately operated public accommodations,
24   such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709
25   F.3d 995, 1002 (9th Cir. 2013). Plaintiff's claim is asserted under Title III.

26   Title III of the ADA states that "[n]o individual shall be discriminated against on the basis
27   of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
28   advantages, or accommodations of any place of public accommodation by any person who owns,

3

leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii). To establish a claim under this provision, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied full and equal treatment by Defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

## III.     DISCUSSION

### A.     Request for Judicial Notice

Defendant has filed a Request for Judicial Notice in support of its motion to dismiss. *See* RJN, ECF No. 36-5. Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of LA.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests judicial notice of 10 documents: (1) Exhibit 1, a list of cases filed by Plaintiff in federal district courts in California since July 9, 2021; (2) Exhibits 2–9, complaints filed by Plaintiff against hotels in Gilroy, San Diego, Sacramento and Colton in this and other districts across California between June 28 and August 10, 2021; and (3) Exhibit 10, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs in *Gastelum v. Hees II*,

4

1  Case No. 3:21-cv-01337-JLS-RBB (S.D. Cal. Jul. 27, 2021).  *See* RJN, Exs. 1–10.  Plaintiff does
2  not oppose Defendant's request.
3        The Court may properly take judicial notice of the existence of court filings and matters of
4  public record, although specific factual findings and legal conclusions set forth in the records may
5  not bind this Court.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th
6  Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360,
7  1364 (9th Cir. 1998)).  Accordingly, the Court GRANTS Defendant's request for judicial notice as
8  to Exhibits 1 to 10.  However, these exhibits will not be noticed "for the truth of the matter
9  asserted therein."  *Romero v. Flowers Bakeries, LLC*, 2015 WL 2125004, at *2 (N.D. Cal. May 6,
10 2015); *see also In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal.
11 2010); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

### B.  Subject Matter Jurisdiction
#### i.  Article III Standing

Article III standing "is a necessary component of subject matter jurisdiction."  *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011).  The Supreme Court has repeatedly stated that the "irreducible constitutional minimum of standing" consists of three elements.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  These elements are often referred to as injury in fact, causation, and redressability.  *See Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020).  Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the existence of Article III standing and at the pleading stage "must clearly allege facts demonstrating each element."  *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citation omitted); *see also Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983) ("The facts to show standing must be clearly apparent on the face of the complaint.").

Defendant mounts a factual challenge to jurisdiction, arguing that Plaintiff lacks standing because Plaintiff has not alleged an injury in fact.  *See* Mot. at 6–16.  In support, Defendant

provides (1) a table of 14 hotels where Plaintiff alleges to have visited between June 28 and August 10, 2021 in his different complaints, arguing that they indicate that Plaintiff has driven hours to visit different hotels in different locations within several days; *see id.* at 7; (2) a declaration of an employee of Defendant indicating that there is no record of Plaintiff making a reservation or staying at the Hotel; *see* Patel Decl., ECF 36-3 ¶ 2; and (3) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, in which Plaintiff represented under oath that he only made $1,465 per month with $2,350 in monthly expenses; *see* RJN, Ex. 10; Mot. at 8–9. Defendant relies on this evidence in support of its arguments that it is implausible for Plaintiff to have visited the Hotel on June 29, 2021 because he didn't attempt to stay at the Hotel and he is unable to afford to stay in or travel to the number of hotels involved in all of his lawsuits. *See* Mot. at 6–9.

Defendant also argues that Plaintiff has not suffered concrete and particularized injuries related to his disability. First, Defendant contends that Plaintiff alleges four violations relating to being in a wheelchair (allegations 1, 2, 5 and 6) and two violations relating to climbing stairs with a prosthetic leg (allegations 3 and 4), but it is impossible for Plaintiff to plausibly allege both types of barriers. *See* Mot. at 9–11, 15. A surveillance video taken by another hotel sued by Plaintiff shows that Plaintiff used a prosthetic lower leg, not a wheelchair, *see* Sims Decl., ECF 36-4 ¶ 2, so only purported barriers in allegations 3 and 4 are related to Plaintiff's disability, Defendant says. *See* Mot. at 10–11, 14. Second, Defendant argues that the Hotel complies with the 1991 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), which apply because the Hotel was built prior to March 15, 2012. *See* Patel Decl. ¶ 3; Mot. at 14. For allegation 1, Defendant argues that the Hotel is not required to provide a marked passenger loading zone under the 1991 ADAAG. Even if the 2010 ADAAG applies, there is no requirement for a hotel to have a passenger loading zone. *See* Patel Decl. ¶ 4; Schraibman Decl., ECF 36-2, Ex. 1, ¶ 9–10; Mot. at 13–14. For allegation 2, Defendant argues that the office door Plaintiff refers to in the Second Amended Complaint is an exterior hinged door, and the Hotel is not required to limit the door opening force for exterior hinged doors to less than 5 pounds. *See* Mot. at 14–15. For allegation 5, Defendant argues that there is no limitation about the extent to which a curb ramp can extend

6

into an access aisle. *See id.* at 15.  Third, Defendant argues that Plaintiff has not pled that he was a passenger in the vehicle who needed an access aisle as claimed in allegation 1. *See id.*, at 12. Fourth, Defendant argues that the photographs provided by Plaintiff in the Second Amended Complaint indicate there are no violations as claimed in allegations 5 and 6. *See id.* at 15–16.

In response, Plaintiff provides a declaration stating that (1) he brings both a wheelchair and a prosthetic leg and a cane when he plans to visit a public place, and the use of a prosthesis and a cane is secondary to the use of a wheelchair; and (2) he did not lodge at the Hotel because he knew that it was not accessible. *See* Gastelum Decl., ECF 38 ¶¶ 1–10, 12; Opp. at 11.  Plaintiff also argues that the 2010 ADAAG applies and that Defendant's website confirms that the Hotel provides a standard passenger loading zone that is not accessible. *See* Opp. at 11–12.  Plaintiff additionally contends that it would be inappropriate to dismiss his complaint based on Defendant's arguments that the barriers Plaintiff alleges he encountered are not in fact barriers. *See id.*

The parties dispute which version of the ADAAG applies to the claims.  The Court finds it unnecessary to resolve this dispute at this juncture because it is "unnecessary for Plaintiff to plead specific violations of the ADAAG to state an ADA claim." *Block v. 7-Eleven, Inc.*, 2021 WL 2651359, at *3 (N.D. Cal. Jun. 28, 2021) (citing *Celano v. Marriott Int'l, Inc.*, 2008 WL 239306, at *12 (N.D. Cal. Jan. 28, 2008) ("[T]he Ninth Circuit rejected the very argument made by [defendant] in this case: 'that ADA plaintiffs must prove that the defendant contravened a "specific requirements of ADAAG" to establish a violation of the ADA.' . . . Accordingly, the court concludes that plaintiffs' ADA claim may go forward . . . .")).

As to Defendant's remaining arguments about the specific barriers Plaintiff alleges, while Defendant is correct that the Court can consider extrinsic evidence in evaluating subject matter jurisdiction, *see* Mot. at 4, the Court finds it improper to resolve the disputed facts about the accessibility of certain features of the Hotel on a jurisdictional challenge.  "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of the action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983).  The issues raised by Defendant are too intertwined with the merits of

1    Plaintiff's ADA claim for the Court to resolve this on a Rule 12(b)(1) motion.  Here, finding that
2    Plaintiff suffered no injury in fact and that the barriers he allegedly encountered were not in fact
3    obstacles to him due to his disability would require deciding whether the Hotel's facilities are
4    accessible to Plaintiff.  But this is "factual issue[ ] going to the merits" of whether the Hotel
5    complies with ADA accessibility requirements.  *Safe Air for Everyone*, 373 F.3d at 1039; *see also*
6    *Johnson v. Supakam Corp.*, 2022 U.S. Dist. LEXIS 44050, at *15-16 (N.D. Cal. Mar. 11, 2022)
7    (declining to dismiss based on Rule 12(b)(1) mootness challenge where issue of whether
8    implemented changes fixed ADA issues was too intertwined with the merits); *Johnson v. Fogo De*
9    *Chao Churrascaria (San Jose) LLC*, 2021 WL 3913519, at *3 (N.D. Cal. Sept. 1, 2021) (declining
10   to dismiss based on Rule 12(b)(1) standing challenge where issue of whether the restaurant's
11   facilities are accessible to Plaintiff was too intertwined with the merits).  In particular, the Court
12   finds it inappropriate to make findings regarding the extent of Plaintiff's disability, exactly which
13   parts of the Hotel he did or did not visit, and the extent that certain features of the Hotel
14   represented actual barriers to Plaintiff, or whether visits to other hotels by Plaintiff (based on
15   filings in other cases) would have prevented him either financially or temporally from visiting this
16   Hotel.  These issues are inappropriate to resolve at this juncture.  *See Johnson v. Woldeselassie*,
17   2022 WL 2317434, at *4 (N.D. Cal. June 28, 2022).  Accordingly, the Court rejects Defendant's
18   challenge to Plaintiff's Article III standing to assert his ADA claim.

19             **ii.   Standing to Seek Injunctive Relief**

20          Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff
21   alleging ADA violations must establish standing to pursue injunctive relief.  "Standing for
22   injunctive relief requires a plaintiff to establish a 'real and immediate threat of repeated injury.'"
23   *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020)
24   (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).  Ninth Circuit
25   case law establishes that an ADA plaintiff may establish standing "either by demonstrating
26   deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant
27   facility."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).
28          Defendant argues that Plaintiff does not have standing to seek injunctive relief because he

has no intent to return to the Hotel and is not actually deterred from visiting the Hotel in the future. Defendant says that an intent to return "some day" is insufficient, Plaintiff's claim of deterrence is conclusory, and that Plaintiff cannot afford to returning to each hotel he sued in this district and others given that he represented that his monthly expenses exceed his and his wife's monthly income by $885. *See* Mot. at 16–23; RJN, Ex. 10. Plaintiff here alleges that he will "return to the Hotel … once it is represented to him that the Hotel is accessible," but is "currently deterred from doing so" because of the alleged inaccessibility. *See* SAC ¶ 16. Plaintiff also states in his declaration that he intended to return to Gilroy in the winter of 2021-2022 and did so on or about January 25, 2022. *See* Gastelum Decl. ¶ 11. The Ninth Circuit has held that allegations that a disabled plaintiff intends to visit a place of public accommodation but is deterred from doing so by non-compliance with the ADA are sufficient to establish standing to seek injunctive relief. *See C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Whitaker v. Peet's Coffee, Inc.*, 2022 U.S. Dist. LEXIS 73417, at *6–9 (N.D. Cal. Apr. 21, 2022) (rejecting challenge to intent to return allegations on Rule 12(b)(1) and 12(b)(6) motion). And as the Court has already stated, the Court finds it inappropriate to resolve issues about Plaintiff's financial or temporal ability to visit the Hotel based on allegations Plaintiff has put forth in other cases not before the Court. Plaintiff here sufficiently alleges intent to return and deterrence and so possesses injunctive relief standing.

Defendant urges the Court to require Plaintiff to plead additional elements to establish injunctive relief standing, as some other district courts in the Ninth Circuit have in ADA cases. *See* Mot. at 16 (citing *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 663 (N.D. Cal. 2019) (internal quotation marks and citation omitted); *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005)). Other courts have required plaintiffs to plead (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *Johnson*, 424 F. Supp. 3d at 663; *Harris*, 396 F. Supp. 2d at 1113. The Court has rejected this argument before and again declines to require these additional elements on top of the

allegations the Ninth Circuit has already found sufficient to confer injunctive relief standing. *See Woldeselassie*, 2022 WL 2317434, at * 5; *Fogo De Chao*, 2021 WL 3913519, at *4; *see also Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020) (noting that the Ninth Circuit "has not adopted" these factors "despite having confronted the same or similar issue repeatedly"). Plaintiff thus has alleged sufficient facts to support standing to seek injunctive relief.

### C. Unruh Act Claim

A violation of the ADA constitutes a per se violation of the Unruh Act. *See Johnson v. Rando*, 2021 WL 2986965, at *6 (N.D. Cal. July 15, 2021); *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("[A] violation of the ADA is, per se, a violation of the Unruh Act."); *Ridola v. Chao*, 2018 WL 2287668, at *11 (N.D. Cal. May 18, 2018) (applying *Lentini*). Defendant seeks dismissal of Plaintiff's Unruh Act claim on the same grounds as the ADA claim. Since the Court has determined Plaintiff's ADA claim may properly go forward, the Court DENIES Defendant's motion to dismiss Plaintiff's Unruh Act claim.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED. Defendant SHALL file an answer within 21 days.

Dated: July 18, 2022

BETH LABSON FREEMAN
United States District Judge